ORIGINAL

M. Richardson Lynn, Jr. (CA Bar #051034)
WAGNER, LYNN & LUJAN
401 West "A" Street, Suite 2250
San Diego, CA 92101
Telephone: (619) 702-7533
Facsimile: (619) 702-7410

Attorneys for Defendant
CAR FINANCIAL SERVICES, INC.

FILED
2009 JUN 24 PM 3:29
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

J. DAVID FRANKLIN, SR.

Plaintiff,

v.

CAR FINANCIAL SERVICES, INC., a Georgia corporation, authorized to do business and doing business in California, and JOHN DOES 1 through 20,

Defendants.

Case No. '09 CV 1361 LAB AJB

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (Diversity of Citizenship)**

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

PLEASE TAKE NOTICE that defendant CAR FINANCIAL SERVICES, INC., hereby removes to this court the state court action described hereinbelow.

1. On May 27, 2009, an action was commenced in the Superior Court of the State of California in and for the County of San Diego entitled J. DAVID FRANKLIN, SR., plaintiff, vs. CAR FINANCIAL SERVICES, INC., a Georgia corporation, etc., Defendants, Case No. 37-2009-00090553-CU-FR-CTL. A copy of the state court complaint is attached hereto as Exhibit A.

2. The first date upon which defendant CAR FINANCIAL SERVICES, INC. received a copy of the aforesaid state court complaint was May 28, 2009, when defendant was served with a

copy of summons and complaint from the aforesaid state court action. A copy of a Service of Process Summary Transmittal Form in said action documenting service of process upon defendant on May 28, 2009, is marked as Exhibit B and attached hereto.

3. This action is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because the damages alleged in the complaint involve the alleged improper taking of proceeds form the sale of motor vehicles, insurance proceeds, sales contracts and vehicle titles which collectively exceed the amount of $75,000 in controversy.

4. Complete diversity of citizenship exists in that plaintiff J. DAVID FRANKLIN, SR., is a citizen of the state of California, and defendant CAR FINANCIAL SERVICES, INC. is a corporation incorporated under the laws of the state of Georgia, having its principal place of business in the state of Georgia. Said defendant is the only named defendant in this action.

WAGNER, LYNN & LUJAN

Date: June 19TH, 2009

By: [signature]
M. Richardson Lynn, Jr., Attorneys for Defendant
CAR FINANCIAL SERVICES, INC.

Legal Tabs Co. 1-800-322-3022 Recycled Stock # EXA-5-B

EXHIBIT A

FILED
CIVIL BUSINESS OFFICE 8
CENTRAL DIVISION
09 MAY 27 PM 2:20
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

J. David Franklin, Esq., Bar No. 41659
FRANKLIN & FRANKLIN
550 West C Street, Suite 950
San Diego, CA 92101
Tel: (619) 239-6300/Fax: (619) 239-6369

Anthony A. Ferrigno, Esq., Bar No. 61104
LAW OFFICES OF ANTHONY A. FERRIGNO
1116 Ingleside Avenue,
Athens, TN 37303
MAILING: C/O FRANKLIN & FRANKLIN
550 West C Street, Suite 950
San Diego, CA 92101
Tel: (423) 744-4041/Fax: (423) 744-7616

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| J. DAVID FRANKLIN, SR.,<br><br>Plaintiff,<br>v.<br><br>CAR FINANCIAL SERVICES, INC., a Georgia Corporation, authorized to do business and doing business in California, and JOHN DOES 1 through 20,<br><br>Defendants. | CASE NO. 37-2009-00090553-CU-FR-CTL<br><br>COMPLAINT FOR DAMAGES FOR FRAUD, CONVERSION, AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE |

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The allegations and claims for relief in this complaint arise from acts taking place in this state against a citizen of this state which violate California's laws. Defendant Car Financial Services, Inc. (hereinafter "Car") is a foreign corporation authorized to do business and doing business in the State of California.

2. Venue is proper in this court because a substantial amount of the defendant's conduct complained of took place in San Diego County, California, and in addition, a contract between the parties was partially performed in this state by the plaintiff.

## PARTIES

3. Plaintiff J. David Franklin, Sr. is a resident of San Diego County, California, and at

all times herein mentioned, was the sole proprietor of a used car dealership in Tucson, Arizona operating under the fictitious name of "Hurricane Motor Sales." Plaintiff has standing to bring this action because he has suffered injury in fact and has lost money and/or property as a result of the acts of the defendant complained of herein.

4. Defendant Car Financial Services, Inc. (herein after "CAR") is a Georgia corporation authorized to do business and doing business in California, with its principle place of business in Atlanta, Georgia.

5. The true names and identities of the defendant sued herein under CCP §474 as John Does 1 through 20, inclusive, are currently not known to plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this complaint and include these Doe defendants' true names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the damages suffered as herein alleged by plaintiff.

## GENERAL ALLEGATIONS

6. Defendant CAR offers financial services to used car dealerships. One of the financial programs offered to used car dealerships was a program entitled "Payment Interval Purchase Program (PIPP)." Under the PIPP program, defendant CAR purchased from a used car dealer a stream of monthly car payments from the customers of the used car dealer for intervals of six, nine or twelve months. Under this program, defendant CAR would buy a stream of monthly payments for a particular interval of time for a purchase price that was discounted from the total amount of payments that the customer of the used car dealer would owe over the interval of time purchased. For example, if defendant CAR purchased a twelve month interval of payments from the customer of the used car dealer, and those payments were $300.00 per month, for a total of $3,600.00, defendant CAR would pay for that stream of payments for an amount which might be, for example, $2,700.00 which would be paid to the used car dealer.

7. Hurricane Motor Sales, a sole proprietorship, opened as a used car dealership in Tucson, Arizona in 2005. The general manager of Hurricane Motor Sales was John D. Franklin, Jr. Between the date that Hurricane Motor Sales was open for business and June 1, 2006, Hurricane

Motor Sales had accumulated a certain number of installment sales contracts with its customers where the title to the vehicles remained in the names of Hurricane Motor Sales, and the customers made monthly payments to Hurricane Motor Sales.

**FIRST CAUSE OF ACTION**

**(Fraud and Deceit)**

8. Plaintiff incorporates herein by reference each and every allegation contained in paragraph 1 through 7 of this complaint as though fully set forth herein.

9. In late May, 2006, Tom Frederick, an authorized agent of defendant CAR, approached John D. Franklin, Jr. in Tucson, Arizona for the purpose of providing one or more of the financial services offered by CAR to Hurricane Motor Sales. Mr. Frederick presented one or more brochures describing defendant CAR's financial services that it would make available to Hurricane Motor Sales. John D. Franklin, Jr., the authorized agent of plaintiff and Hurricane Motor Sales reviewed the brochures presented to him by Mr. Frederick. John D. Franklin, Jr. expressed an interest in the Payment Interval Purchase Program (PIPP) that was described in defendant CAR's brochure. The brochure contained the following written misrepresentations with respect to the defendant's PIPP program:

(a) There was a representation that the dealer maintained ownership of the remainder of the contract.

(b) It was represented that the dealer gets the majority of the cash flow from the payments.

(c) It was represented that the dealer retained back-end account profitability.

(d) It was represented that the dealer received between 70-80% of the total payment interval depending upon the term sold.

10. On or about June 1, 2006, Tom Frederick returned to Hurricane Motor Sales and engaged in a conversation with John D. Franklin, Jr. concerning the PIPP program offered by defendant CAR. During this conversation with John D. Franklin, Jr., Mr. Frederick made the following false representations to John D. Franklin, Jr.:

(a) A representation that defendant CAR was extremely talented at collecting

receivables from the dealer's customers;

(b) It was represented that as a part of the PIPP program defendant CAR would ensure that the customers of Hurricane Motor Sales would maintain insurance on the vehicles being placed into the PIPP program in order to protect the interest of Hurricane Motor Sales; and

(c) Frederick represented that defendant CAR needed to obtain the original contracts and original titles on vehicles to be placed into the PIPP program because defendant CAR needed to examine the titles and contracts to ensure that they were all in order before they would give Hurricane Motor Sales any money.

11. When John D. Franklin, Jr. read the written misrepresentations in the defendant's brochures, and when he heard the false oral representations made by Tom Frederick he believed the oral and written representations to be true.

12. When defendant CAR and CAR's authorized representative made the foregoing oral and written representations, they knew the representations to be false.

13. Defendant CAR also engaged in the concealment of material facts from the plaintiff in order to induce plaintiff to enter into the defendant's PIPP program. Tom Frederick again visited the premises of Hurricane Motor Sales on June 2, 2006. At no time did Mr. Frederick present to John D. Franklin, Jr., acting as the authorized agent for the plaintiff, the form of PIPP contract which was being utilized by defendant CAR. Mr. Frederick concealed from John D. Franklin, Jr. the fact that the PIPP standard form contract gave defendant CAR in paragraph 14 thereof plaintiff's power of attorney with full power of revocation and substitution in the name and instead of the plaintiff, and specifically authorizing defendant CAR to endorse certificates of title in the name of the plaintiff. By intentionally not providing the standard form PIPP agreement of defendant CAR to John D. Franklin, Jr., CAR intentionally concealed from the plaintiff the fact that in paragraph 2 of the PIPP agreement, it stated that the plaintiff was selling, granting, conveying, assigning, transferring, and delivering to defendant CAR all of the plaintiff's "Transferred Interest" free and clear of all liens, claims, security interests, and other encumbrances. In paragraph 2 of the standard form PIPP agreement of defendant CAR, it defined "Transferred Interest" in part as the "Sales Contract" for the motor vehicles in the PIPP program as well as the certificates of title and all

proceeds for any physical damage, credit life, credit disability, comprehensive, collision and other insurance policies covering the vehicles in the PIPP program with defendant CAR.

14. At the time that Tom Frederick presented the written misrepresentations, the oral misrepresentations, and engaged in a concealment of material facts from John D. Franklin, Jr., acting for the plaintiff, Mr. Frederick was acting as a dully authorized agent of defendant CAR.

15. When defendant CAR made the foregoing oral and written misrepresentations, and when defendant CAR concealed material facts from the plaintiff, it did so with the intention to deceive and defraud the plaintiff, and to induce the plaintiff to act in reliance upon these misrepresentations and concealments so that the plaintiff would enter into defendant CAR's PIPP program by signing the standard form PIPP agreement.

16. John D. Franklin, Jr., acting for the plaintiff, believed that the oral and written misrepresentations by defendant CAR and its authorized representative were true, and in reasonable reliance upon his belief that the false representations were true, John D. Franklin executed a signature page which he was told was a signature page for the defendant's standard form PIPP agreement. As alleged previously, the defendant's standard form PIPP agreement was not presented to John D. Franklin, Jr. prior to the time that he signed a signature page on June 2, 2006.

17. Had John D. Franklin Jr. known of the fact that the standard form PIPP agreement of the defendant contained a power of attorney in favor of the defendant, and also conveyed to the defendant the contracts of those customers placed into the PIPP program, and conveyed the titles to those vehicles to defendant CAR, the plaintiff would not have entered into the standard form PIPP agreement with defendant CAR.

18. Plaintiff, at the time these oral and written representations were made by defendant CAR and at the time that the plaintiff took the actions herein alleged, was ignorant of the falsity of the defendant's representations, and believed them to be true.

19. As a result of the fraudulent conduct of the defendant, as herein alleged, the plaintiff has been damaged in an amount in excess of $50,000.00.

20. The aforementioned conduct of the defendant was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the

defendant to thereby deprive plaintiff of property or legal rights or otherwise cause plaintiff injury, and was despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of the plaintiff's rights, so as to justify an award of exemplary and punitive damages.

21. John D. Franklin Jr. called an employee of CAR by the name of Frank Wilhelm in the CAR office in Las Vegas, Nevada in the latter part of July, 2006, and requested that Mr. Wilhelm return the original contracts and the original titles belonging to plaintiff. Mr. Wilhelm informed John D. Franklin that the documents being requested, the contracts and the titles, now belonged to CAR and they would not be returned.

22. Plaintiff did not obtain a copy of the standard form PIPP agreement from defendant CAR until approximately August, 2006. At that time, a copy of the standard form PIPP agreement was presented to John D. Franklin, Jr., the authorized agent of the plaintiff. From and after that time, the plaintiff had a suspicion that the defendant had engaged in fraudulent behavior in its relationship with the plaintiff.

**SECOND CAUSE OF ACTION**

**(Conversion)**

23. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 22 of this complaint as though fully set forth herein.

24. Plaintiff placed into the defendant's PIPP program in June, 2006, many installment sales contracts for motor vehicles sold to Jennifer and Gary Lavoie, Deshawn Baysinger, Heidi St. Vincent, Kim Foster, Daniel Crumblit, Christopher Munoz, Amy Dean, and William Romero among others. At all times herein mentioned, plaintiff was, and still is, the owner of the installment sales contracts and the titles to all of the motors vehicles that were placed by the plaintiff into the defendant's PIPP program. Between June, 2006 and the present time, defendant CAR has repossessed the motor vehicles of some of the customers whose cars were placed into the PIPP program by the plaintiff. For example, plaintiff is informed and believes that the defendant repossessed motor vehicles that had been sold to Jennifer and Gary Lavoie, and Heidi St. Vincent. Thereafter, defendant sold the repossessed vehicles without any notice whatsoever to plaintiff. Had the defendant provided notice of the repossessions and sales to the plaintiff, the plaintiff would have

been able to protect himself with respect to his interest in the repossessed vehicles. Defendant CAR kept all of the proceeds from the sale of the repossessed vehicles to the exclusion of the plaintiff.

25. With respect to Deshawn Baysinger, Kim Foster, and Daniel Crumblit there were insurance proceeds received by defendant CAR as a result of the motor vehicles of those customers being involved in automobile accidents. Defendant CAR wrongfully kept all of the insurance proceeds and shared none of those insurance proceeds with the plaintiff. There may have been other motor vehicles for which defendant CAR received insurance proceeds of which the plaintiff is presently unaware.

26. On several occasions, customers whose motor vehicles were placed into the defendant's PIPP program by the plaintiff traded in their vehicles on another vehicle. This occurred on several occasions. In every one of those occasions, the car dealer who accepted the motor vehicle in trade paid all of the proceeds to pay off the motor vehicle to defendant CAR. At no time, has defendant CAR ever shared any of those proceeds with the plaintiff.

27. On or about June, 2007, the plaintiff demanded from defendant CAR the return of all contracts and titles. In addition, the plaintiff revoked the power of attorney that had been given to defendant CAR in the standard form PIPP agreement.

28. At all times herein mentioned, plaintiff was, and still is, entitled to possession of the proceeds from the sale of the motor vehicles as alleged herein above, and plaintiff is also entitled to the possession of the sales contracts and the titles to the motor vehicles that were placed into the defendant's PIPP program by the plaintiff.

29. The property described above had a definite value of which plaintiff is not now aware. When the exact amount is known to the plaintiff, the plaintiff will amend this complaint to set forth the specific amount.

30. Defendant CAR took the proceeds from the sale of the motor vehicles, took the insurance proceeds, and has taken the plaintiff's sales contracts and titles and converted the same to its own use.

31. As a proximate result of the defendant's conversion of the property described herein above, plaintiff has suffered damages in an amount in excess of $50,000.00.

32. The defendant's acts alleged above were willful, wanton, malicious, and oppressive, were taken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

**THIRD CAUSE OF ACTION**

**(Intentional Interference With Contract or Other Economic Relationship)**

33. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 32 of this complaint as though fully set forth herein.

34. On or about June 2, 2006, plaintiff had valid contracts between Hurricane Motor Sales and third party customers wherein these customers purchased motor vehicles from Hurricane Motor Sales on credit by way of an installment sales contract. The title to the motor vehicles in question remained in the name of Hurricane Motor Sales.

35. By way of a contract dated June 2, 2006, plaintiff sold a stream of payments for 12 months to defendant CAR with respect to some of these customers who had purchased a motor vehicle from the plaintiff under an installment sales contract. Relying upon the misrepresentations made by defendant CAR, as heretofore alleged herein above in paragraph 10(c), John D. Franklin, Jr. had provided to the defendant the original sales contracts and the original titles to the CARs that the plaintiff placed into the PIPP program with the defendant. Therefore, defendant knew of the contractual relationship between Hurricane Motor Sales and the customers of Hurricane Motor Sales since the defendant obtained possession of the original contracts and titles.

36. The defendant engaged in intentional acts designed to disrupt the relationship between the plaintiff and the plaintiff's customers by sending the following letter to all of the customers of Hurricane Motor Sales who had been placed into the PIPP program with defendant CAR:

> If you have been contacted by Hurricane regarding your CAR Financial Services account, please contact CAR immediately by calling 1-800-252-7411. CAR Financial holds the title to your vehicle and all payments should be made to CAR. Do not make payments to Hurricane Motors. It appears that a duplicate title may have been issued improperly for your vehicle. We have contacted ADOMV to institute an investigation. If you have questions about the investigation you may contact detective Bridget McEwen at 520-838-2710.

37. Plaintiff is informed and believes and thereon alleges that on some occasions, when it became necessary for Hurricane Motor Sales to repossess a car of one of the customers who was in the defendant's PIPP program, such as, for example, a customer having allowed insurance on the motor vehicle to lapse, the defendant, acting through its agents, told the customer of the plaintiff to report the loss of the vehicle as a theft to law enforcement officials. As a result of this unsavory tactic, the plaintiff's relationship with several customers was irreparably damaged. As a proximate result of the conduct of the defendant, as herein described, and the breach of the customers' contracts as herein alleged, the plaintiff has suffered damages in an amount in excess of $50,000.00.

38. The aforementioned acts of the defendant were willful, oppressive, fraudulent, or malicious, and therefore plaintiff is entitled to recover punitive damages.

**PRAYER**

Plaintiff prays for judgment against defendants, and each of them, as follows:

(a) For general damages according to proof;

(b) For special damages according to proof;

(c) For a mandatory injunction requiring defendant CAR to return the original titles and the original sales contracts to the plaintiff;

(d) For exemplary and punitive damages;

(e) For reasonable attorney's fees and costs;

(f) For prejudgment and post judgment interest according to proof;

(g) For such other relief as the Court deems proper.

DATED: May 27, 2009

FRANKLIN & FRANKLIN

J. David Franklin
One of the Attorneys for Plaintiff

# *NATIONAL REGISTERED AGENTS, INC.*

## *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To: CLARESSA DUBERRY
COMPUCREDIT CORPORATION
FIVE CONCOURSE PARKWAY
SUITE 400
ATLANTA, GA 30328

SOP Transmittal # CA68534

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Entity Served: CAR FINANCIAL SERVICES, INC.

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 28 day of May , 2009 . The following is a summary of the document(s) received:

1. **Title of Action:** J. David Franklin, Sr. v. Car financial Services, Inc., et al.

2. **Document(s) served:**

x Summons/Citation/Third Party Summon
x Complaint/Petition/Third Party Complaint
__ Motion for Default/Default Judgment
__ Injunction/Temporary Restraining Order
__ Subpoena
__ Garnishment
__ Mechanics Lien
__ Demand for Jury Trial
x Notice of Case Assignment
__ Other:

3. **Court of Jurisdiction/ Case & Docket Number:** San Diego County Superior Court, Central Division
37-2009-00090553-CU-FR-CTL

4. **Amount Claimed, if any:** Please See Attached

5. **Method of Service** (select one):
x Personally served by: x Process Server __ Deputy Sheriff __ U. S Marshall
__ Delivered Via: __ Certified Mail (Envelope enclosed) __ Regular Mail (Envelope enclosed) __ Facsimile
__ Other (Explain):

6. **Date and Time of Receipt:** 5/28/2009 12:55:29 PM EST (GMT -5)

7. **Appearance/Answer Date:** 30 Days

8. **Received From:** (Name, Address & Telephone Number)
J. David Franklin
Franklin & Franklin
550 West C Street
Suite 950
San Diego, CA 92101
(619) 239-6300

9. **Federal Express Airbill #** 790667465951

10. **Call Made to:** CLARESSA DUBERRY

11. **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**

**Copies To:**

Transmitted by: Dena LaPorta

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

**Exhibit B**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

J. DAVID FRANKLIN, SR.

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
J. David Franklin, FRANKLIN & FRANKLIN/Anthony A. Ferrigno c/o 550 West C Street, Suite 950, San Diego, CA 92101

## DEFENDANTS

2009 JUN 24 PM 3:28

CAR FINANCIAL SERVICES, INC., a Georgia corporation, authorized to do business in California, and JOHN DOES 1

SOUTHERN DISTRICT OF CALIFORNIA

County of Residence of First Listed Defendant State of Georgia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) **'09 CV 1361 LAB AJB**

M. Richardson Lynn, Jr., WAGNER, LYNN & LUJAN
401 West A Street, Suite 2250, San Diego, CA 92101

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☒ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sec. 1441(b)

Brief description of cause:
Notice of Removal of Action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE 06/24/2009

SIGNATURE OF ATTORNEY OF RECORD M. Richardson Lynn, Jr. [signature]

FOR OFFICE USE ONLY

RECEIPT # 2300 AMOUNT 350,— APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

6/24/09

**VIA FAX**

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS002300
Cashier ID: sramirez
Transaction Date: 06/24/2009
Payer Name: STATE BAR OF CALIF.

---

CIVIL FILING FEE
For: FRANKLIN V. CAR FINCL. SVCS.
Case/Party: D-CAS-3-09-CV-001361-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 1747
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

There will be a fee of $45.00
charged for any returned check.