UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DAVID FRANKLIN, SR.,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>CAR FINANCIAL SERVICES, INC., a Georgia corporation, authorized to do business and doing business in California, and JOHN DOES 1 through 20,<br><br>　　　　　　　　Defendants. | CASE NO. 09cv1361-LAB (AJB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND** |

　　　Franklin seeks remand of this case to state court after Car Financial Services removed it here pursuant to 28 U.S.C. § 1441(b). The motion is **GRANTED**.

**1.　Background**

　　　Franklin filed this action in San Diego Superior Court on May 27, 2009. The substance of his complaint is not important here, but suffice it to say Franklin accuses Car Financial of fraud, conversion, and intentional interference with prospective economic advantage.

　　　Car Financial removed the case to this Court on June 24, 2009, on the theory that the parties are citizens of different states and the amount in controversy is greater than the jurisdictional threshold of $75,000. Five days later, it filed an answer with counterclaims alleging breach of contract and conversion.

Franklin filed his motion to remand on July 15, 2009, challenging Car Financial's claim that the amount in controversy exceeds $75,000.

## 2.    Legal Standards

District courts have diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332(a).  "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court [under] 28 U.S.C. § 1441(a). . . ."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The removal statute is strictly construed against removal jurisdiction, however, *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and "the strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,1090 (9th Cir. 2003).

## 3.    Discussion

At least on the face of Franklin's complaint, it is not obvious that he is seeking damages greater than $75,000.  Under each of his three causes of action, he claims he "has suffered damages in an amount in excess of $50,000," but he does not make clear whether "the amount in excess of $50,000" applies to the sum of his claims or to each claim individually.  Therefore, it is not facially evident from the complaint that the amount in controversy meets the jurisdictional threshold.  *Matheson*, 319 F.3d at 1090.   In Car Financial's petition for removal, it merely asserted that "the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because the damages alleged in the complaint involved the alleged improper taking of proceeds from the sale of motor vehicles, insurance proceeds, sales contracts and vehicle titles which collectively exceed

the amount of $75,000 in controversy." (Removal Br. at 2:4–10.) This claim is conclusory, however, and fails by itself to establish federal jurisdiction.

Thus, in Car Financial's brief opposing remand, it argues that the *counterclaim* it has filed against Franklin establishes the jurisdictional threshold on its own. (Opposition Br. at 3:1-3). But "courts have generally refused to consider the damages pled in permissive counterclaims as supplying the amount in controversy necessary for removal of a diversity action." *Quality Mgmt., LLC v. Time & Place World, LLC*, 521 F.Supp.2d 83, 85 (D.D.C. 2007) (internal quotations omitted). *See also Bryant Elec. Co., Inc. v. Joe Rainero Tile Co., Inc.*, 84 F.R.D. 120, 124 (W.D. Va. 1979) ("court may not look to the defendant's counterclaim to establish the jurisdictional amount"). Moreover, "there is a significant split of decisions when the counterclaim is compulsory under the law of the state in which the underlying claim was brought." *Quality Mgmt.*, 521 F.Supp.2d at 85 (internal quotations omitted).

Even assuming Car Financial's counterclaim is compulsory under California law, Car Financial cites no cases, and the Court found none in the 9th Circuit case law, allowing a defendant's compulsory counterclaim to be factored into the amount in controversy that is necessary to establish diversity jurisdiction in a case removed from state court. Moreover, "'the traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim' to satisfy the amount in controversy requirement for removal jurisdiction purposes." *Sanford v. Gardenour*, 225 F.3d 659 at *3 (6th Cir. 2000) (*citing* Wright & Miller, 14C Fed. Prac. & Proc. Juris.3d 3725 (1998)). *See also Kaplan v. Computer Sciences Corp.*, 148 F.Supp.2d 318, 320-321 (S.D.N.Y. 2001) ("In the context of cases reaching this Court by removal . . . the majority of courts decline to permit the defendant's counterclaim to be considered in determining the amount in controversy.").

Not only is this the "traditional" or "majority" rule, one court has called it "the near unanimous rule." *Thrash v. New England Mut. Life Ins. Co.*, 534 F.Supp.2d 691, 696-97 (S.D. Miss. 2008). Indeed it is. *See Leeb v. Allstate Indem. Co.*, No. 09-3160, 2009 WL

2448560 (E.D. Pa. 2009) (amount of compulsory counterclaim cannot establish diversity jurisdiction for removal purposes); *Industrial SiloSource, Inc. v. Maplehurst Bakeries, Inc.*, No. 08-CV926, 2008 WL 4279497 (S.D. W.Va. 2008) (same); *McMahon v. Alternative Claims Service, Inc.*, 521 F.Supp.2d 656 (N.D. Ohio 2007) (same); *CMS North America, Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F.Supp.2d 619 (W.D. Mich. 2007) (same); *FLEXcon Co., Inc. v. Ramirez Commercial Arts, Inc.*, 190 F.Supp.2d 185 (D. Mass. 2002) (same); *Al-Cast Mold & Pattern, Inc. v. Perception, Inc.*, 52 F.Supp.2d 1081 (D. Minn. 1999) (same); *Mesa Industries, Inc. v. Eaglebrook Productions, Inc.* 980 F. Supp 323 (D. Ariz 1997) (same); *Iowa Lamb Corp. v. Kalene Indus., Inc.*, 871 F. Supp 1149, 1157 (N.D.Iowa 1994) (same); *Oliver v. Haas*, 777 F.Supp. 1040 (D. P.R. 1991) (same).

It is also significant that Car Financial did not file its counterclaims until *after* it removed this case to federal court. *See Warren Loveland, LLC v. Keycorp Investment L.P. IV*, No. 05-C-162, 2005 WL 1427707 at *3 (W.D. Wis. 2005) (declining to reach question whether compulsory counterclaim could satisfy amount in controversy requirement because counterclaim was filed after removal).

Car Financial, quite simply, is on very shaky ground in arguing that its counterclaim against Franklin can satisfy the amount in controversy requirement that this case must meet in order to stay in federal court. The Court sees no reason to depart from the near unanimous rule to the contrary, and, in the removal context, to look only at the plaintiff's complaint in determining whether federal jurisdiction is appropriate.

**4. Conclusion**

Car Financial has not met its burden of establishing that this Court has subject matter jurisdiction, and remand is appropriate. *See* 28 U.S.C. § 1447(c). Franklin's motion to remand is, for the above reasons, **GRANTED**.

**IT IS SO ORDERED**.

DATED: November 9, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge